**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN FELIPE LEON-GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-26-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Leon-Gonzalez's Motion for Immediate Release ("Motion"), ECF No. 7. On January 20, 2026, the Court granted in part Leon-Gonzalez's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an Immigration Judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. *See* Jan. 20, 2026, Order 2–3, ECF No. 6. Respondents were to comply by no later than January 28, 2026. *Id.*

On January 28, Leon-Gonzalez filed his Motion, arguing that he did not receive a constitutionally adequate bond hearing as ordered. He described several irregularities. First, Leon-Gonzalez was transported to an initial bond hearing on January 22, but his counsel did not receive notice of the hearing or have an opportunity to appear. *Id.* ¶¶ 3, 6. After Leon-Gonzalez's counsel contacted the immigration court, an additional bond hearing was held on January 26. *Id.* ¶¶ 4–7. Leon-Gonzalez alleges that at the outset of the January 26 hearing, the IJ "indicated that there was no jurisdiction" to hold a bond hearing under "Matter of Yajure

Hurtado and Third Circuit precedent." *Id.* ¶ 9.  Leon-Gonzalez's counsel then claims to have

"reminded" the IJ that this Court ordered a bond hearing be held and "that it was the

Government's burden to establish flight risk." *Id.* ¶ 10.  The IJ denied bond.  *See* Mot. Ex. A

("Jan. 26 IJ Order"), ECF No. 7-1.  The IJ's reasoning, in his written decision, states, in full:

"Denied, because Flight Risk: Form of relief is speculative (no form of relief); manner of entry.

Matter of Hurtado." *Id.*

Because it was unclear whether Leon-Gonzalez received a bond hearing that comported

with due process, the Court ordered Respondents to "address whether the IJ disclaimed

jurisdiction to hold a bond hearing or indicated that he was denying bond for lack of

jurisdiction." *See* Jan. 29, 2026, Order 2, ECF No. 10.  The Court also ordered the parties to file

an audio recording or transcript of the hearings if available.  *Id.*  Respondents have filed a

Response, ECF No. 11, arguing that Leon-Gonzalez "has received two individualized custody

redetermination hearings" and that this Court "lacks jurisdiction to review the immigration

judge's flight risk finding."[1]  *Id.* ¶¶ 7–8.  Respondents have also submitted the audio tracks of the

hearings.  Jan. 20, 2026, IJ Hr'g; Jan. 26, 2026, Hr'g.[2]

The IJ commenced the January 26 Hearing by noting that "by looking at the manner of

[Petitioner's] entry it looks like he is not eligible for bond due to Matter of Yajure Hurtado" but

---

[1] Separately, Respondents obliquely imply that the Court lacked the authority to issue relief because
Leon-Gonzalez "was not physically within the jurisdiction of this Court at the time the order issued."
Resp. ¶ 2; *see also id.* ¶ 3 ("Nonetheless, Petitioner was given a bond hearing"); *id.* ¶ 8 n. 4 (". . . if he can
show that this Court retains subject matter jurisdiction over his habeas claim while he is detained outside
of this district.").  A court has jurisdiction over a habeas petition if it is filed while the individual is
detained within the district.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  Once the habeas petition
is properly filed, subsequent transfers do not destroy jurisdiction.  *See Griffin v. Ebbert*, 751 F.3d 288,
290 (5th Cir. 2014) (citing *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir.1978)).  Respondents'
attorneys are cautioned that their duty of candor to the tribunal requires them to refrain from making
arguments directly contrary to controlling Fifth Circuit precedent without at least acknowledging the
adverse authority.

[2] Respondents have submitted the audio files to the Court via a secure file sharing service.

2

that he would "let [the attorney] make argument."[3]  Jan. 26 Hr'g 00:39–00:49.  Then, the IJ continued, "bond is being heard and it looks like Matter of Hurtado still applies."  *Id.* 00:57–1:01.  Finally, in making his bond determination the IJ concluded, "I am going to deny bond as his form of relief is speculative and he has no form of relief, his manner of entry, and Matter of Hurtado still applies."  *Id.* 7:01–7:11.  This finding is congruent with what the IJ wrote in his order, which again, states in full: "Denied, because Flight Risk: Form of relief is speculative (no form of relief); manner of entry.  Matter of Hurtado."  Jan. 26 IJ Order.

In sum, the IJ made flight risk findings, and also stated that he believed that Leon-Gonzalez was categorically ineligible for bond.  *See* Jan. 26 Hr'g 00:39–00:49, 00:57–1:01, 1:21–1:34, 7:01–7:11.

This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  Here, the IJ referenced *Matter of Yajure Hurtado*, the decision that holds that he lacks authority to hold a bond hearing.  But the IJ also made factual findings regarding Leon-Gonzalez's flight risk.  It appears that the IJ made alternative findings in denying bond, and one of the two alternative bases for denying relief amounted to an individualized determination of the need to detain Leon-Gonzalez.  Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding.  *See id.*

Thus, it appears that the only remaining matter to be resolved in this case is Leon-Gonzalez's request for an award of attorneys' fees under the Equal Access to Justice Act

---

[3] Respondents state that "in the [sic] abundance of caution" they "provided a second bond hearing . . . so that [Petitioner's] counsel could appear on his behalf."  Resp. 2 n. 1.  Bond was denied at both hearings, albeit on different grounds.  *Id.* ¶¶ 3, 6.  Although the same IJ presided over both hearings, it does not appear that the IJ continued the first bond proceeding, nor that he adopted any of his previous findings into the second proceeding.  *See generally* Jan. 22 Hr'g; Jan. 29 Hr'g.

("EAJA").  *See* Pet. 13, ECF No. 1; *see generally* Jan. 20, 2026, Order.  However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, the Motion, ECF No. 7, is **DENIED**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED** this 10th day of February, 2026.

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

4